**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5142-17T2

WAYNE BUSBY,

     Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

     Respondent.

_____

Submitted May 6, 2019 – Decided July 15, 2019

Before Judges Sabatino and Sumners.

On appeal from the New Jersey State Parole Board.

Wayne Busby, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Erica R. Heyer, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Wayne Busby, who is currently incarcerated in South Woods State Prison, appeals the New Jersey State Parole Board's (Board) June 20, 2018 final agency decision denying him parole and imposing a 120-month Future Eligibility Term (FET). We affirm.

In March 1989, Busby was convicted for the April 1985 murder by strangulation of a seventy-four-year-old woman in the course of burglarizing her home and robbing her, and two counts of felony murder. He was sentenced to three concurrent prison terms of life with a mandatory-minimum prison term of thirty years. On appeal, we remanded for resentencing. After remand, he received the same life sentence with a mandatory-minimum term of thirty years for murder, but the two felony murder convictions were merged, resulting in a concurrent sentence of the same length and parole ineligibility period.

In October 2017, Busby became eligible for parole for the first time. A parole hearing officer referred the matter to a two-member Board panel, which denied parole. In explaining its decision, the panel cited numerous reasons, including but not limited to: the nature and circumstances of the offense; an increasingly more serious criminal record and history of incarceration for multiple offenses; an extensive criminal record for fraud as a result of illegal use of credit cards on two occasions and possession of a controlled dangerous

substance; revocation of parole for violation and resentencing to county jail; commission of prison disciplinary infractions for one asterisk charge and seven non-asterisk charges;[1] lack of insight into criminal behavior; insufficient address of a substance abuse problem; and the results of a confidential objective risk mental health assessment evaluation. The panel acknowledged several mitigating factors: favorable institutional adjustment based upon participation in institutional programs; achievement and maintenance of minimal custody status; and restoration of lost commutation time. In addition, the panel requested that a three-member Board panel establish an FET outside the twenty-seven months administrative guidelines under N.J.A.C. 10A:71-3.21(a)(1).

A few weeks later, the two-member panel administratively reviewed Busby's case in anticipation of the three-member panel review and amended its prior decision. The panel removed references to an extensive prior criminal record and added additional factors of "nature of criminal record increasingly

---

[1] Although it does not affect the decision in this matter, effective January 3, 2017, the Department of Corrections reclassified its disciplinary sanctions of asterisk offense (most serious) and non-asterisk offense (less serious) for sanctions, to the use of a five-level scheme and rebalancing of the schedule of sanctions and the severity of offense scale. N.J.A.C. 10A:4-4.1(a); N.J.A.C. 10A:4-5.1; N.J.A.C. 10A:9-2.13.

3

more serious" and "committed to incarceration for multiple offenses."  It also added the mitigating factor of "minimal offense record."

In December 2017, the three-member panel confirmed the denial of parole and established a 120-month FET.  The panel's reasoning was set forth in a nine-page narrative decision that rejected all of Busby's arguments challenging the two-member panel's decision and essentially relied upon the same reasons for denial and recognized the same mitigating factors as the two-member panel.  In short, the panel remarked that Busby is unable to identify the causes of his violent behavior, failed to address his drug abuse problems and has not developed an adequate insight into recognizing the issues that could cause him to recidivate.  It further noted Busby's misconceived emphasis that his killing of the elderly victim by strangulation was unintentional, his lack of understanding of the role narcotics abuse played in his behavior, and his belief that the crimes were perpetrated solely for monetary gain.

Busby appealed to the full Board.  However, before the Board considered his appeal, the two-member panel and the three-member panel both reviewed their initial decisions.  The two member panel did so to "clarify the factors that were in the record at the time [Busby's] case was assessed and that were relied upon by the Board members in rendering the decision to deny . . . parole."  The

4

three-member panel corrected a typographical error regarding the length of the FET, and removed "prior incarceration did not deter criminal behavior" as a factor in establishing the 120-month FET.

In a five-page narrative decision, the Board affirmed the panels' decisions for essentially the same reasons.

Before us, Busby argues the following points:

> POINT I
>
> THE BOARD PANEL DENIED WAYNE BUSBY HIS RIGHT TO PROCEDURAL DUE PROCESS DUE TO THE BOARD PANEL'S VIOLATION OF WRITTEN BOARD POLICY BY FAILING TO PROVIDE A BOARD REPRESENTATIVE TO AID HIM THROUGHOUT HIS HEARINGS.
>
> POINT II
>
> THE BOARD PANEL VIOLATED WRITTEN BOARD POLICY BY FAILING TO ESTABLISH A NEXUS BETWEEN THE REASONS FOR DENIAL AND THE CONCLUSION THAT THERE EXISTED A SUBSTANTIAL LIKELIHOOD THAT APPELLANT WOULD COMMIT A NEW CRIME IF RELEASED ON PAROLE AT THIS TIME.
>
> POINT III
>
> THE BOARD PANEL UTILIZED INCORRECT STANDARDS IN RENDERING ITS DECISION TO DENY PAROLE TO WAYNE BUSBY.

A-5142-17T2

POINT IV

THE BOARD PANEL UTILIZED ERRONEOUS MATERIAL FACTS, SPECIFICALLY ALLEGING WAYNE BUSBY IS COMMITTED TO INCARCERATION FOR MULTIPLE OFFENSES AS GROUNDS TO DENY HIM PAROLE.

POINT V

THE BOARD PANEL UTILIZED ERRONEOUS MATERIAL FACTS, SPECIFICALLY ALLEGING PRIOR INCARCERATION FAILED TO DETER CRIMINAL BEHAVIOR AS GROUNDS TO DENY WAYNE BUSBY PAROLE.

POINT VI

THE BOARD PANEL MADE AN ERRONEOUS FACTUAL DETERMINATION WHICH IS CONTRADICTED BY THE RECORD.

POINT VII

THE NATURE OF THE BOARD PANEL HEARING PRECLUDE A HEARING CONDUCTED WITH FUNDAMENTAL FAIRNESS THUS DEPRIVING WAYNE BUSBY DUE PROCESS OF LAW.

We have considered the contentions raised by Busby and conclude that they are without sufficient merit to warrant discussion in this opinion, Rule 2:11-3(e)(1)(D) and (E), and we affirm substantially for the reasons expressed by the Board in its thorough decision. We add the following remarks.

A-5142-17T2

In reviewing a final decision of the Board, we consider: (1) whether the Board's action is consistent with the applicable law; (2) whether there is substantial credible evidence in the record as a whole to support its findings; and (3) whether in applying the law to the facts, the Board erroneously reached a conclusion that could not have been reasonably made based on the relevant facts. Trantino v. N.J. State Parole Bd., 154 N.J. 19, 24 (1998). The Board's decision to grant or deny parole turns on whether "there is a substantial likelihood the inmate will commit" another crime if released. Williams v. N.J. State Parole Bd., 336 N.J. Super. 1, 7-8 (App. Div. 2000). The Board must consider the enumerated factors in N.J.A.C. 10A:71-3.11(b)(1)-(23) in making its decision. The Board, however, is not required to consider each and every factor; rather, it should consider those applicable to each case. McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 561 (App. Div. 2002).

An inmate serving a minimum term in excess of fourteen years is ordinarily assigned a twenty-seven month FET after a denial of parole. See N.J.A.C. 10A:71-3.21(a)(1). However, N.J.A.C. 10:71-3.21(d) allows a three-member panel to establish a FET outside of the administrative guidelines if the presumptive twenty-seven-month FET is "clearly inappropriate due to the

A-5142-17T2

inmate's lack of satisfactory progress in reducing the likelihood of future criminal behavior."

Here, the Board's action is consistent with the applicable law, there is substantial credible evidence in the record as a whole to support its findings, and the Board reached conclusions that were based on the relevant facts. The Board made extensive findings, which we need not repeat here, demonstrating the basis for its decision to deny Busby's parole. Hence, on this record, we have no reason to second-guess those findings or conclusions and defer to the Board's expertise in these matters.

Furthermore, we reject Busby's procedural argument that he was entitled to a legal representative at the hearings because there is no right to counsel under the case law at such hearings and the regulation for assistance from a Board representative, N.J.S.A. 10A:71-3.13(g), does not specify that assistance be provided at the hearing. It is only required that general assistance and advice be provided during the course of the parole process, which apparently occurred here.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5142-17T2